******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MASON MCCARROLL ET AL. *v.* TOWN OF EAST
HAVEN
(AC 39260)

Lavine, Keller and Pellegrino, Js.

*Syllabus*

The plaintiff parents, individually and on behalf of their minor son, who
had sustained injuries to his left arm when he fell from the ladder of a
wooden playscape he was climbing on at an elementary school play-
ground, sought to recover damages for negligence from the defendant
town of East Haven. The plaintiffs alleged that the playscape was in a
decrepit condition, that the ladder was in a similar decrepit condition
in that the fifth metal rung on the ladder was missing a bolt, that school
officials and employees were aware of the dilapidated condition of the
playscape, and that school employees were present at all times while
students were playing on the playscape. The trial court granted the
defendant's motion for summary judgment on the ground of governmen-
tal immunity and rendered judgment thereon, from which the plaintiffs
appealed to this court. *Held* that the trial court properly granted the
defendant's motion for summary judgment; that court properly deter-
mined that although the defendant owed the plaintiffs a duty of care,
the inspection and repair of the playscape was a discretionary act and,
thus, governmental immunity applied, and it found that the identifiable
person-imminent harm exception to discretionary act immunity did not
apply to the facts of the present case because the plaintiffs failed to
demonstrate that the harm alleged was imminent, as the plaintiffs failed
to demonstrate that the condition of the missing or loose bolt on the
fifth rung of the ladder was apparent to the defendant or its officials,
and that the probability of the child being injured was so high that the
defendant had a clear and unequivocal duty to act to prevent harm.

Argued November 27, 2017—officially released March 27, 2018

*Procedural History*

Action to recover damages for the defendant's alleged
negligence, brought to the Superior Court in the judicial
district of New Haven, where the court, *B. Fischer*, *J.*,
granted the defendant's motion for summary judgment
and rendered judgment thereon, from which the plain-
tiffs appealed to this court. *Affirmed.*

*David N. Rosen*, with whom, on the brief, was *Alex-
ander Taubes*, for the appellants (plaintiffs).

*Rosalie D. Louis*, with whom, on the brief, was *Hugh
F. Keefe*, for the appellee (defendant).

*Opinion*

LAVINE, J. This personal injury action concerns the injuries the minor plaintiff, Mason McCarroll (child), sustained when he fell from a playscape he was climbing on at an elementary school playground.[1] The plaintiffs appeal from the judgment of the trial court rendered when it granted the motion for summary judgment filed by the defendant, the town of East Haven.[2] On appeal, the plaintiffs claim that, in granting the defendant's motion for summary judgment, the court improperly concluded that their claims were barred by the doctrine of governmental immunity.[3] We affirm the judgment of the trial court.

The following facts are relevant to the plaintiffs' claim on appeal. On April 12, 2012, the child was a kindergarten student at D.C. Moore Elementary School (school), a public school in East Haven. There was a wooden playscape on the school's playground. During recess on the date in question, the child was attempting to climb the ladder of the playscape when he fell and sustained injuries to his left arm.

The plaintiffs commenced the present action on January 17, 2014. In their amended complaint of September 22, 2015, the plaintiffs alleged that the playscape consisted of a tower, several slides, a wooden ramp, and a five rung ladder,[4] and that it was intended for use by students at the school. They also alleged that the playscape was in a decrepit condition and that the protective mulch underneath the playscape had eroded, resulting in a hard and uneven dirt surface. The ladder was in a similar decrepit condition in that the first four metal rungs were bolted to three parallel wooden posts and were in the shape of a "W" but the fifth rung was missing a bolt and was in the shape of a "U." Moreover, they alleged that the wood at the base of the "U" had begun to wear away due to friction caused by the chain, that *school officials and employees* were aware of the playscape's dilapidated condition, and that *school employees* were present at all times while students were playing on the playscape.

The plaintiffs also alleged that when the child, who was climbing the ladder, reached the fifth rung, he slipped, fell to the ground, and sustained serious injuries to his left arm. The plaintiffs alleged that the defendant is liable for the child's injuries and damages pursuant to General Statutes § 52-557n[5] due to the negligence of the school officials.[6] In its memorandum of law in support of its motion for summary judgment, the defendant pointed out that the plaintiffs failed to allege that the acts and omissions of which they complained were ministerial in nature.

On September 11, 2014, the defendant filed an amended answer to the plaintiffs' January 27, 2014 complaint and four special defenses. The defendant alleged,

among other special defenses, that it was "immune from suit" pursuant to the doctrine of governmental immunity.[7] The plaintiffs denied the defendant's special defenses. On March 17, 2015, the defendant filed a motion for summary judgment, along with supporting exhibits and affidavits, claiming that there were no genuine issues of material fact (1) that it owed no duty to the child to maintain the facilities at the school and, in the alternative, (2) that the plaintiffs' negligence claims were barred by the doctrine of governmental immunity pursuant to § 52-557n in that the acts complained of were discretionary in nature and that no exception to the immunity doctrine applied.[8] The plaintiffs filed an objection to the motion for summary judgment with a supporting memorandum of law and exhibits.

The trial court heard the motion at short calendar on February 15, 2016, and granted the motion for summary judgment in a memorandum of decision issued on May 9, 2016. The court found that the defendant owed the plaintiffs a duty of care because the board of education was the defendant's agent despite the fact that the plaintiffs had failed to cite the board of education as a defendant.[9] Nonetheless, the court concluded that the inspection and repair of the playscape was a discretionary act; see General Statutes § 10-220 (a); and that the defendant was not liable to the plaintiffs for the child's injuries because the identifiable victim-imminent harm exception to the doctrine of governmental immunity was inapplicable. The court, therefore, granted the motion for summary judgment in favor of the defendant. The plaintiffs appealed.

We first set forth the standard of review by which we consider appeals from summary judgments. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . The test is whether the party moving for summary judgment would be entitled to a directed verdict on the same facts. . . . Our review of the trial court's decision to grant the [defendant's] motion for summary judgment is plenary. . . .

"The party opposing a motion for summary judgment must present evidence that demonstrates the existence of some disputed factual issue . . . . The movant has the burden of showing the nonexistence of such issues but the evidence thus presented, if otherwise sufficient, is not rebutted by the bald statement that an issue of

fact does exist. . . . To oppose a motion for summary judgment successfully, the nonmovant must recite specific facts . . . which contradict those stated in the movant's affidavits and documents. . . . The opposing party to a motion for summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Citation omitted; internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 123 Conn. App. 583, 598–99, 2 A.3d 963 (2010), rev'd on other grounds, 306 Conn. 107, 49 A.3d 951 (2012).

We now turn to the plaintiffs' claim that the court improperly concluded that their negligence claims were barred by governmental immunity because the defective condition of the bolt was apparent and the danger to the child was imminent. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . . If a plaintiff cannot prove all of those elements, the cause of action fails." (Internal quotation marks omitted.) *Angiolillo* v. *Buckmiller*, 102 Conn. App. 697, 711, 927 A.2d 312, cert. denied, 284 Conn. 927, 934 A.2d 243 (2007).

In the present case, after the court concluded that the defendant owed the plaintiffs a duty of care, it considered whether the plaintiffs' claims were barred by the doctrine of governmental immunity. The court found that the plaintiffs failed to identify a policy that required the defendant to inspect or maintain the playscape in a particular manner and, therefore, the alleged acts of negligence were discretionary in nature. The court concluded that no reasonable juror could find that the defendant was liable to the plaintiffs because their claims were barred by the doctrine of governmental immunity and that the identifiable person-imminent harm exception to governmental immunity did not apply because the harm to the child was not imminent.

Our Supreme Court recently reviewed the law concerning governmental immunity regarding the imminent harm to an identifiable person exception in *Martinez* v. *New Haven*, 328 Conn. 1, 176 A.3d 531 (2018). The court stated that "[§] 52-557n abandons the common-law principle of municipal sovereign immunity and establishes the circumstances in which a municipality may be liable for damages. . . . One such circumstance is a negligent act or omission of a municipal officer acting within the scope of his or her employment or official duties. . . . [Section] 52-557n (a) (2) (B), however, explicitly shields a municipality from liability for damages to person or property caused by the negligent acts or omissions which require the exercise of judgment or discretion as an official function of the

authority expressly or impliedly granted by law." (Internal quotation marks omitted.) Id., 8.

Our Supreme Court "has recognized an exception to discretionary act immunity that allows for liability when the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . This identifiable person-imminent harm exception has three requirements: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm. . . . All three must be proven in order for the exception to apply." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Edgerton* v. *Clinton*, 311 Conn. 217, 230–31, 86 A.3d 437 (2014). "[T]he ultimate determination of whether [governmental] immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues . . . properly left to the jury." *Strycharz* v. *Cady*, 323 Conn. 548, 574, 148 A.2d 1011 (2016).

Our Supreme Court "has held that public school-children are an identifiable class of beneficiaries of a school system's duty of care for purposes of the imminent harm to identifiable persons exception. . . . Indeed, [t]he only identifiable class of foreseeable victims that [it has] recognized . . . is that of school-children attending public schools during school hours . . . ." (Citation omitted; internal quotation marks omitted.) *Martinez* v. *New Haven*, supra, 328 Conn. 8–9. "[T]he proper standard for determining whether a harm was imminent is whether it was apparent to the municipal defendant that the dangerous condition was so likely to cause harm that the defendant had a clear and unequivocal duty to act immediately to prevent the harm." (Internal quotation marks omitted.) Id., 9, quoting *Haynes* v. *Middletown*, 314 Conn. 303, 322–23, 101 A.3d 249 (2014).

"[I]n order to qualify under the imminent harm exception, a plaintiff must satisfy a four-pronged test. First, the dangerous condition alleged by the plaintiff must be apparent to the municipal defendant. . . . We interpret this to mean that the dangerous condition must not be latent or otherwise undiscoverable by a reasonably objective person in the position and with the knowledge of the defendant. Second, the alleged dangerous condition must be likely to have caused the harm suffered by the plaintiff. A dangerous condition that is unrelated to the cause of the harm is insufficient to satisfy the *Haynes* test. Third, the likelihood of the harm must be sufficient to place upon the municipal defendant a clear and unequivocal duty . . . to alleviate the dangerous condition. The court in *Haynes* tied the duty to prevent the harm to the likelihood that the dangerous condition would cause harm. . . . Thus, we consider a clear and unequivocal duty . . . to be one that arises when the

probability that harm will occur from the dangerous condition is high enough to *necessitate* that the defendant act to alleviate the defect. Finally, the probability that harm will occur must be so high as to require the defendant to act *immediately* to prevent the harm." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) *Williams* v. *Housing Authority*, 159 Conn. App. 679, 705–706, 124 A.3d 537 (2015), aff'd, 327 Conn. 338, 174 A.3d 137 (2017).

"[T]o meet the apparentness requirement, the plaintiff must show that the circumstances would have made the government agent aware that his or her acts or omissions would likely have subjected the victim to imminent harm. . . . This is an objective test pursuant to which we consider the information available to the government agent at the time of [his or] her discretionary act or omission. . . . We do not consider what the government agent could have discovered after engaging in additional inquiry." (Citations omitted; footnote omitted.) *Edgerton* v. *Clinton*, supra, 311 Conn. 231.

In the present case, the court found that the child was within the class of victims who were identifiable but, when analyzing the facts of the present case under the *Williams* test, the court determined that the harm he suffered was not imminent. The court stated that the plaintiffs had failed to produce evidence that the condition of the bolt on the fifth rung of the ladder was apparent to the defendant. The court noted that, rather than submitting evidence that the defendant was aware of, or was put on notice of the missing or loose bolt, the plaintiffs argued that the entire playscape was in an apparent, decrepit condition. The court reasoned that the harm that befell the child was not caused by the overall decrepit condition of the playscape but by the bolt that was missing or loose. The plaintiffs presented no evidence that the condition of the bolt was evident to the defendant or its officials. The court also found that the plaintiffs failed to produce evidence of the third and fourth *Williams* prongs, that is, that the probability of injury to the child was so high that the defendant had a clear and unequivocal duty to act immediately to prevent harm. The court found that a reasonable juror could have found that thousands of schoolchildren had played on the decrepit playscape over the years and had not suffered an injury.[10] The harm, it therefore concluded, was not imminent.

On appeal, the plaintiffs argue that the court overlooked the evidence they presented in opposition to the motion for summary judgment or was mistaken that the condition of the bolt was not apparent to the defendant. They conceded, however, that their amended complaint that alleges that the bolt was missing is at odds with Nichole McCarroll's affidavit attesting that the bolt was loose.[11] They also acknowl-

edge that photographs of the ladder were "inadvertently omitted" from the affidavit.

We have reviewed the entire record, the briefs and arguments of the parties and the court's thorough memorandum of decision. On the basis of our review, we conclude that the court properly determined that the defendant's duty with respect to the defendant's alleged conduct was discretionary and the harm suffered by the child was not imminent. Whether the bolt was missing or loose, the plaintiffs failed to demonstrate that the probability of the child being injured was so high that the defendant had a clear and unequivocal duty to act to prevent harm. We conclude, therefore, that the court properly granted the defendant's motion for summary judgment.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The child commenced the present action by and through his mother, Nichole McCarroll. The child's parents, the plaintiffs Nichole McCarroll and Ryan McCarroll, alleged that they sustained damages as a result of the child's injuries.

[2] In its motion for summary judgment, the defendant made two arguments: (1) it did not owe the child a duty of care as that duty falls on the board of education and (2) it was not liable for the plaintiffs' injuries and loss on the ground of governmental immunity. The plaintiffs did not cite the board of education as a defendant in the present action. The court denied the defendant's motion for summary judgment with respect to its claim that it did not owe the child a duty of care. The court concluded that the defendant owed the child a duty of care on the basis of agency. The defendant did not file a cross appeal but argues in its brief on appeal that the court improperly concluded that it owed the child a duty of care on the basis of agency. Because we conclude that the court properly granted the defendant's motion for summary judgment on the ground of governmental immunity, we do not address the defendant's agency argument.

[3] On appeal, the plaintiffs argue that *Haynes* v. *Middletown*, 314 Conn. 303, 101 A.3d 249 (2014), is controlling of the present case. Although *Haynes* controls the legal issues, the facts of the present case are distinguishable from those in *Haynes* in which teachers and school employees were aware of ongoing student horseplay in the locker room where school officials knew there was a broken and rusty locker. Id., 308, 325. There is no evidence in the present case that the defendant was aware of the alleged dangerous and defective condition.

[4] The rungs consisted of a metal chain that was covered by rubber tubing.

[5] General Statutes § 52-557n provides in relevant part: "(a) (1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit . . . . (2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

"(b) Notwithstanding the provisions of subsection (a) of this section, a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties *shall not be liable for damages* to person or property resulting from: (1) The condition of natural land or unimproved property . . . (4) the condition of an unpaved road, trail or footpath, the purpose of which is to provide access to a recreational or scenic area, if the political subdivision has not received notice and has not had a reasonable opportunity to make the condition safe . . . (8) failure to make an inspection or making an inadequate or negligent inspection of any property, other than property owned or leased by or leased to such political subdivision, to determine whether the property complies with or

violates any law or contains a hazard to health or safety, unless the political subdivision had notice of such a violation of law or such a hazard or unless such failure to inspect or such inadequate or negligent inspection constitutes a reckless disregard for health or safety under all the relevant circumstances . . . .” (Emphasis added.)

[6] On the basis of our plenary review of the plaintiffs’ amended complaint, we note that they alleged several defects with respect to the playscape and the surrounding area, but failed to allege the proximate cause of the child’s injuries. See *Miller* v. *Egan*, 265 Conn. 301, 308, 828 A.2d 549 (2003) (construction of pleadings question of law).

[7] Section 52-557n provides that political subdivisions “shall not be liable for damages,” not that they shall be immune from suit. See *Edgerton* v. *Clinton*, 311 Conn. 217, 227 n.9, 86 A.3d 437 (2014) (distinguishing sovereign immunity from suit from governmental immunity from liability).

[8] In support of their motion for summary judgment, the defendant submitted an affidavit from Robert Parente, superintendent of operations for the defendant. Parente attested in part as follows:

“5. The Town of East Haven has no duty to inspect the playscape located at the D.C. Moore School.

“6. The East Haven Board of Education has the responsibility to inspect the facilities and playscape located at the D.C. Moore School.

“7. The Town of East Haven does not have a duty to maintain the facilities and playscape located at the D.C. Moore School.

“8. There are no rules, regulations, ordinances, or policies directing the Town of East Haven in how to maintain or inspect playscapes located at schools.”

[9] We offer no opinion as to whether the court properly determined that the defendant owed the plaintiffs a duty of care to maintain the school facilities. See footnote 2 of this opinion.

[10] The plaintiffs take exception to the court’s conclusion, noting that the standard of review is that a reasonable juror could reach no other conclusion. We acknowledge that the court’s expression of the governing standard is unartful. On the basis of the evidence presented by the plaintiffs in opposition to the defendant’s evidence that it had no duty to inspect, we conclude that the court’s ultimate legal conclusion is not erroneous. See footnote 11 of this opinion.

[11] In her affidavit, Nichole McCarroll attested in part: “We looked at the playscape shortly after [the child’s] fall and could see that the rung [the child] referred to was obviously loose. It was held in place by a bolt that was very loose. If you removed the bolt from the hole, which was easy to do because it was so loose, it would fall down and strike the wooden post that the bolt was inserted into. The place where the bolt struck the wood was visibly worn and damaged, obviously from being struck repeatedly over time by the bolt falling out.”